UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No.: 4:14-cv-1842 |
| GENE BY GENE, LTD | | |
| *Defendant.* | | |

## DEFENDANT GENE BY GENE, LTD'S ORIGINAL ANSWER & COUNTERCLAIM

Defendant Gene by Gene, Ltd. ("Gene by Gene") files this Original Answer to Plaintiff's Complaint for Declaratory Judgment (the "Complaint") (Document No. 1). In addition, Gene by Gene files this Original Counterclaim against Evanston Insurance Company ("Evanston"). In support thereof, Gene by Gene respectfully states the following:

## ORIGINAL ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Gene by Gene denies each and every allegation contained in Plaintiff's complaint, except those expressly admitted.

2. Gene by Gene admits the allegations in Paragraph 1.

3. Gene by Gene admits the allegations in Paragraph 2.

4. Gene by Gene denies that Evanston's claim for declaratory relief pursuant to 28 U.S.C. §2201 confers federal question jurisdiction. Gene by Gene admits, however, that diversity jurisdiction exists and that the minimum amount in controversy has been met. Gene by Gene also admits all other allegations in Paragraph 3.

5. Gene by Gene admits the allegations in Paragraph 4.

6. Gene by Gene admits the allegations in Paragraph 5.

7. Gene by Gene admits the allegations in Paragraph 6.

8. Gene by Gene admits the allegations in Paragraph 7.

9. Gene by Gene admits the allegations in Paragraph 8.

10. Gene by Gene admits the allegations in Paragraph 9.

11. Gene by Gene admits the allegations in Paragraph 10.

12. Gene by Gene admits that the policies at issue each contain an endorsement entitled "Amendment of Definitions and Exclusions—Electronic Data and Distribution of Material in Violation of Statutes" and that the endorsements are identified by each policy as described in Paragraph 11, but Gene by Gene denies all other allegations in Paragraph 11, including any allegation that this exclusion is applicable.

13. Gene by Gene admits the allegations in Paragraph 12.

14. Gene by Gene admits that the Underlying Complaint includes some of the language quoted in Paragraph 13, but the Underlying Complaint speaks for itself and Gene by Gene denies any attempt by Plaintiff to recharacterize those terms. Gene by Gene denies the remainder of the allegations in Paragraph 13.

15. Gene by Gene admits that the Underlying Complaint includes some of the language quoted in Paragraph 14, but the Underlying Complaint speaks for itself and Gene by Gene denies any attempt by Plaintiff to recharacterize those terms. Gene by Gene denies the remainder of the allegations in Paragraph 13.

16. Gene by Gene denies the allegations in Paragraph 15.

17. Gene by Gene lacks sufficient information to admit or deny the allegations in Paragraph 16.

## **AFFIRMATIVE DEFENSES**

18. As set forth in the counterclaim below, the policies issued by Evanston cover the claim made by Gene by Gene, and Evanston is obligated to defend Gene by Gene in the Underlying Lawsuit. Alternatively, the policies at issue are ambiguous and, as such, must be construed against Evanston in favor of Gene by Gene.

## ORIGINAL COUNTERCLAIM

19. Pursuant to Federal Rule of Civil Procedure 13, Gene by Gene asserts this Original Counterclaim against Evanston. In support thereof, Gene by Gene respectfully shows the following:

### Parties

20. Gene by Gene is a Texas limited partnership with its principal place of business in Texas.

21. Evanston is a foreign insurance company formed under the laws of the State of Illinois with its principal place of business in Illinois. Evanston may be served through its attorney of record, Marc J. Wojciechowski at 17447 Kuykendahl Road, Suite 200, Spring, Texas 77379.

### Jurisdiction and Venue

22. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) based on complete diversity of citizenship.

23. Venue is proper in this Court under 28 U.S.C. §1391(a)(2).

### Nature of the Case

24. This is an insurance coverage dispute. Gene by Gene owns and operates www.familytreedna.com ("Family Tree"), a website dedicated to genetic genealogy. The website offers genetic testing to individuals interested in collecting information about their ancestry. After obtaining their DNA test results, people can

analyze their results and connect with other people with whom their results match in different degrees.

25. Gene by Gene sought and obtained insurance for its genetic genealogy business. For good and valuable consideration, Evanston issued insurance to Gene by Gene. At issue are four policies issued by Evanston over the last two years: Policy Numbers SM-892198, SM-898899, SM895587, and XS-800378. These are all duty to defend policies, meaning that any defense costs incurred by Gene by Gene in its defense of a covered claim are also covered.

26. On May 15, 2014, Gene by Gene was sued in the United States District Court for the District of Alaska, styled *Michael Cole, individually and on behalf of all others similarly situated v. Gene by Gene, Ltd.*, Cause Number 1:14-cv-004-SLG (the "Underlying Lawsuit"). Gene by Gene provided timely notice of the Underlying Suit to Evanston and filed a claim with Evanston seeking coverage and requesting a defense.

27. Evanston has refused to defend Gene by Gene in the Underlying Lawsuit as required by the insurance policies. Instead, Evanston filed this action seeking a declaration that the Underlying Lawsuit is excluded from coverage.

## Causes of Action

## Count 1—Declaratory Relief

28. Gene by Gene repeats and re-alleges the allegations in the paragraphs above as fully set forth herein. This is a claim for declaratory judgment pursuant to 28 U.S.C. §2201, *et seq*., and Federal Rule of Civil Procedure 57 for the purpose of determining a controversy between the parties concerning the rights and obligations under the Evanston policies at issue.

29. Gene by Gene seeks a declaration that the claim is covered and that Evanston is required to defend Gene by Gene in the Underlying Lawsuit.

30. Gene by Gene also seeks a declaration that Evanston is obligated to indemnify Gene by Gene for any amounts Gene by Gene is obligated to pay as a result of the lawsuits.

31. Gene by Gene seeks a declaration that Evanston is not entitled to the declaration it seeks in its Complaint.

## Count 2—Breach of Contract

32. Gene by Gene repeats and re-alleges the allegations in the paragraphs above as if fully set forth herein.

33. Evanston has failed to fulfill its contractual obligations to defend Gene by Gene in the Underlying Lawsuit. Evanston's failure to fulfill its

obligations under the policies at issue constitutes a material breach of contract. Evanston's breach has proximately caused damages to Gene by Gene.

34. As a result of Evanston's breach of contract, Gene by Gene is entitled to recover its damages.

35. All conditions precedent to this suit have been met, or they have been waived.

36. Pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code, Gene by Gene is also entitled to recover a reasonable amount for attorneys' fees to prosecute the action.

### Count 3—Violations of Chapter 542 of the Texas Insurance Code
### Processing and Settlement of Claims

37. Gene by Gene repeats and re-alleges the allegations in the paragraphs above as if fully set forth herein.

38. In its dealings with Gene by Gene, Evanston has failed to comply with the deadlines imposed by Chapter 542 of the Texas Insurance Code for acknowledging, accepting or rejecting, and paying a claim. Among other things, Evanston failed to notify Gene by Gene in writing of the acceptance or rejection of the claim within 15 business days of receipt of all items, statements, and forms required to secure final proof of loss.

39. As a result of Evanston's violations of the Texas Insurance Code, Gene by Gene is entitled to interest on the amount of its claim at the rate of 18 percent a year together with reasonable attorneys' fees.

**PRAYER**

WHEREFORE, Gene by Gene prays that the Court enter judgment:

(a) Dismissing Evanston's claim with prejudice;

(b) Declaring that the claim made by Gene by Gene is covered by the policies at issue and that Evanston has a duty to defend Gene by Gene in the Underlying Lawsuit;

(c) Awarding Gene by Gene actual damages sustained as a result of Evanston's breach of contract;

(d) Awarding Gene by Gene statutory damages;

(e) Awarding reasonable and necessary attorneys' fees, costs, and interest; *and*

(f) Granting all other relief as the Court may deem proper and just.

Respectfully submitted,

**BECK | REDDEN LLP**

   /s/ *Jeff Golub*
   Jeff Golub
   State Bar No. 00793823
   S.D. Tex. No. 21606
1221 McKinney, Suite 4500
Houston, Texas 77010
Phone: (713) 951-3700
Fax: (713) 951-3720
E-mail: jgolub@beckredden.com

**ATTORNEY IN CHARGE FOR DEFENDANT GENE BY GENE, LTD.**

**OF COUNSEL:**

**BECK | REDDEN LLP**
Michelle E. Gray
Texas Bar No. 24078586
S.D. Tex. No. 2148676
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Phone: (713) 951-3700
Fax: (713) 951-3720
E-mail: mgray@beckredden.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule 5.1 on August 29, 2014. As such, this document was served on all counsel who are registered as filing users of the Court's electronic filing system. FED. R. CIV. P. 5(b)(3); LR 5.1.


s/ *Michelle E. Gray*
Michelle E. Gray