UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: 4:14-cv-1842 |
| GENE BY GENE, LTD | § § § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Rule 26(f) conference was held via telephonic conference on October 1, 2014. Mr. Marc Wojciechowski participated on behalf of Plaintiff Evanston Insurance Company, and Mr. Jeff Golub and Ms. Michelle E. Gray of Beck Redden, LLP participated on behalf of Defendant Gene by Gene, Ltd.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   *Michael Cole, individually and on behalf of all others similarly situated v. Gene by Gene, Ltd.*, Cause Number 1:14-cv-004-SLG, pending in the United States District Court for the District of Alaska (the "Underlying Lawsuit").

3. **Briefly describe what this case is about.**

   Defendant Gene by Gene, Ltd. was sued in federal district court in Alaska. Gene by Gene sought coverage under its insurance policy with Plaintiff Evanston Insurance Company, invoking the duty to defend provisions in the policy. Evanston denied coverage and filed this lawsuit, seeking a declaratory judgment that no duty to defend or duty to indemnify exists based on a policy exclusion.

   Gene by Gene has filed a counterclaim seeking a declaratory judgment that the Alaska claims are covered and seeking a judgment requiring Evanston to fulfill its obligation to defend Gene by Gene in the Underlying Lawsuit and to indemnify Gene by Gene as necessary.

4. **Specify the allegation of federal jurisdiction.**

   This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. There is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None anticipated at this time.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   There are no class action issues in this case.
   (The Underlying Lawsuit does, however, involve class action allegations.)

9. **State whether each party represents that it has made the initial disclosures requirement by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   No initial disclosures have been made at this time. The parties agree to serve each other with initial disclosures within twenty-one (21) days of the initial scheduling conference.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

        a. Rule 26(f)(3)(A). The parties' agreement to exchange initial disclosures is laid out in Paragraph 8 above.

        b. Rule 26(f)(3)(B). Gene by Gene will seek discovery of Evanston's underwriting files and other similar coverage matters. Additional discovery may be needed depending on the proceedings in, and any resolution of, the Underlying Lawsuit in Alaska.

        c. Rule 26(f)(3)(C). The parties do not anticipate any issues arising related to electronic discovery. If necessary, the parties will discuss and attempt to agree upon a form in which this information shall be produced.

        d. Rule 26(f)(3)(D). The general rules of privilege and work-product protection should apply in this case, including Federal Rule of Civil Procedure 26(b)(5) related to privilege and snap-back of inadvertently produced information.

        e. Rule 26(f)(3)(E). None.

        f. Rule 26(f)(3)(F). The parties do not request any additional discovery or case management-related orders at this time.

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

Evanston anticipates sending interrogatories to Gene by Gene. Evanston agrees to issue interrogatories at least thirty days before the conclusion of the discovery period in accordance with the Federal Rules of Civil Procedure.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Gene by Gene anticipates sending interrogatories to Evanston. Gene by Gene agrees to issue interrogatories at least thirty days before the conclusion of the discovery period in accordance with the Federal Rules of Civil Procedure.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Evanston anticipates taking no more than two (2) oral depositions: one of Mr. Max Blankfeld and, if necessary, one of Gene by Gene, Ltd's corporate representative. Evanston will complete both depositions within the agreed upon discovery period and in accordance with the Rules of Civil Procedure.

**E.    Of whom and by when the defendants anticipate taking oral depositions.**

Gene by Gene anticipates oral depositions of fact witnesses and corporate representatives, including any persons that will be identified in Evanston's initial disclosures, interrogatory responses, or document production, as well as persons identified in other depositions as having relevant information. Gene by Gene will complete all depositions within the agreed upon discovery period and in accordance with the Federal Rules of Civil Procedure.

    **F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    The parties agree that the party with the burden of proof shall designate experts within six weeks after the close of fact discovery. Following the expiration of the party with the burden's time to designate, the party without the burden of proof on the issue shall have six additional weeks to designate rebuttal experts.

    **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Evanston reserves the right to depose any experts designated by Gene by Gene within the time limits imposed by the Federal Rules of Civil Procedure.

    **H.**    **List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Gene by Gene reserves the right to depose any experts designated by Evanston within the time limits imposed by the Federal Rules of Civil Procedure.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None at this time.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    Subject to uncertainties in the schedule caused by the Underlying Litigation, the parties believe that fact discovery can be completed within six (6) months and that expert designations and expert discovery, if necessary, can be completed within an additional four (4) months.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties cannot agree upon a prompt settlement at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Prior to litigation, the parties discussed the coverage matters and were unable to reach a resolution.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.**

    None.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    None.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that the duty to defend issue may be adjudicated on the briefing. In the event that the case requires submission of evidence, such as on the duty to indemnify claim, the parties anticipate that it will take approximately ten (10) hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The indemnity issues in this case are directly implicated by the proceedings in the Underlying Action pending in Alaska. Thus, the amount and timing of discovery in this case may be affected by the Alaska proceedings.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    Marc James Wojciechowski
    *Attorney-in-Charge*
    Wojciechowski & Associates
    17447 Kuykendahl Road, Suite 200
    Spring, Texas 77379
    Telephone: 281-999-7774
    Facsimile: 281-999-1955
    Email: marc@wojolaw.com

    **ATTORNEY FOR PLAINTIFF**

-8-

| | |
|---|---|
| Jeff Golub<br>*Attorney-in-Charge*<br>State Bar No. 00793823<br>Federal I.D. No. 21606<br>**BECK │ REDDEN LLP**<br><br>1221 McKinney, Suite 4500<br>Houston, Texas 77010-2010<br>Telephone: (713) 951-3700<br>Facsimile: (713) 951-3720<br>Email: jgolub@beckredden.com | Of Counsel:<br><br>Michelle E. Gray<br>State Bar No. 24078586<br>Federal I.D. No. 2148676<br>**BECK │ REDDEN LLP**<br>1221 McKinney, Suite 4500<br>Houston, Texas 77010-2010<br>Telephone: (713) 951-3700<br>Facsimile: (713) 951-3720<br>Email: mgray@beckredden.com |

**ATTORNEYS FOR DEFENDANT**


*/s/ Marc James Wojciechowski*        10/1/2014
Counsel for Plaintiff                 Date


*/s/ Jeff Golub*                      10/1/2014
Counsel for Defendants                Date

-9-

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2014 a copy of the foregoing document was filed electronically in compliance with Local Rule 5.1. As such, this document was served on all counsel who are registered as filing users of the Court's electronic filing system. FED. R. CIV. P. 5(b)(3); LR 5.1.

*/s/ Michelle E. Gray*
Michelle E. Gray