UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY | § § § | |
| | § | Cause No. 4:14-cv-01842 |
| v. | § § | |
| GENE BY GENE, LTD | § § | |

**EVANSTON INSURANCE COMPANY'S RESPONSE TO
GENE BY GENE, LTD'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

**WOJCIECHOWSKI &ASSOCIATES, P.C.**
Marc J. Wojciechowski
State Bar No. 21844600
17447 Kuykendahl Road, Suite 200
Spring, Texas 77379
Telephone: 281-999-7774
Facsimile: 281-999-1955
Email: marc@wojolaw.com
ATTORNEYS FOR DEFENDANT,
EVANSTON INSURANCE COMPANY

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Evanston Insurance Company ("Evanston") files this Evanston Insurance Company's Response to Gene By Gene, Ltd's ("Gene By Gene") Motion for Summary Judgment and Memorandum in Support Thereof and would show the following:

## I.   SUMMARY OF RESPONSE

1.   The Electronic Data and Distribution of Material in Violation of Statutes exclusion (the "Evanston Exclusion") unambiguously excludes from coverage the claims asserted against Gene By Gene in the underlying lawsuit. Since none of the terms in the Evanston Exclusion are defined, those terms must be given their everyday meaning.  When those terms are given their everyday meaning, the Evanston Exclusion excludes from coverage the claims against Gene By Gene alleging it violated a statute that prohibited transmitting, communication, or distribution of genetic information.   In interpreting the Evanston Exclusion, one must consider the name in its heading which clearly indicates it applies to any statute that prohibits distribution of certain materials in violation of *any* statute.

2.   Adopting Gene By Gene's interpretation of the Evanston Exclusion is unreasonable because it requires this Court to render meaningless certain phrases in sub-parts (a) and (b) in addition to rendering meaningless all of sub-part (c)

which is contrary to the rules of contractual construction. The similar exclusions Gene By Gene urges this Court to use as interpretive guides are significantly different and interpretative discussions relative to those are irrelevant to the Evanston Exclusion. Evanston's interpretation is reasonable and accurate given all three sub-parts of it similarly exclude claims for disclosure of information in violation of certain statutes intended to protect the privacy of the statutory beneficiaries. Finally, Gene By Gene's argument the Texas Department of Insurance ("TDI") administrative orders support its interpretation is misplaced and without support because the purported "orders" upon which it relies are not orders at all; they are approval of insurance policy forms. For these reasons, Gene By Gene's summary judgment must be denied.

## II. FACTUAL BACKGROUND[1]

3. Evanston issued to Gene by Gene four insurance policies. Michael Cole, individually and on behalf of all others similarly situated ("Cole") filed against Gene by Gene a lawsuit styled Cause No.: 1:14-cv-00004-SLG: *Michael Cole, individually and on behalf of all others similarly situated v. Gene By Gene, Ltd., a Texas limited liability company d/b/a Family Tree DNA; in the United States District Court for the District of Alaska* ("Underlying Lawsuit"). Cole

---

[1] Evanston generally agrees with Gene by Gene's recitation of the relevant facts. For that reason, it will not repeat many of the same.

initiated the Underlying Lawsuit by filing his Class Action Complaint and Demand for Jury Trial ("*Complaint*").

4. Cole alleges Gene by Gene "offers a variety of genetic testing services, but is best known for marketing and selling DNA tests to consumers for the purpose of helping them research or identify their ancestry." *Complaint* ¶18. Cole contends after Gene by Gene completes a customer's DNA analysis, it offers services for the customer to "research their ancestral origins." *Complaint* ¶21. Providing the means to customers to research their ancestry, Cole contends Gene by Gene "automatically publishes the full results of their DNA test to its publically available website" without obtaining the customer's consent. *Complaint* ¶¶24, 25.

5. The single claim Cole asserts against Gene by Gene in the Underlying Lawsuit is an alleged violation of Alaska Statute §18.13.010 *et seq*. *Complaint* ¶¶40-48. This statute is commonly referred to as the "Genetic Privacy Act." The Genetic Privacy Act provision Cole asserts was violated was when Gene by Gene "publishes the full results of their DNA" and which forms the basis of all his claims provides one shall not "disclose the results of a DNA analysis unless the person has first obtained the informed and written consent of the person." ALASKA STAT. §18.13.010 (a)(1).

6. Gene by Gene tendered the Underlying Lawsuit to Evanston for coverage and Evanston denied a defense and indemnification to Gene by Gene

4

asserting the Evanston Exclusion applies.[2] Evanston initiated this proceeding seeking a declaration it does not have to defend or indemnify Gene by Gene from any claims or judgments in, or resulting from, the Underlying Lawsuit.

### III. ARGUMENT AND AUTHORITIES.

#### A. Construing Insurance Policies in General.

7. Under Texas law, undefined words in an insurance policy are given their ordinary meaning. *Gilbert Texas Constr., L.P. v. Underwriters at Lloyds London,* 327 S.W.3d 118, 126 (Tex. 2010). In determining the scope of insurance coverage, a court examines the policy as whole to ascertain the true intent of the parties. When insurance policy language is not ambiguous, the intent of the policy must be determined based upon the four corners of the instrument and not by any type of extrinsic parol evidence. *TIG Ins. Co. v. North Am. Van Lines, Inc.*, 170 S.W.3d 264, 268 (Tex. App. – Dallas 2005 no pet.). In construing an exclusion, a court will adopt an interpretation urged by the insured so long as it is not unreasonable even if the insurer's interpretation appears more reasonable than that of the insured. *National Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex. 1991). Based upon these rules of interpretation, the Evanston Exclusion unambiguously excludes from coverage the Underlying

---

[2]The full language of the exclusion is identical in all four policies and is set out in full on page 4 of the Memorandum in Support of Defendant Gene by Gene Ltd.'s Motion for Summary Judgment (Document 21-1) ("*Defendant's Memorandum*").

Lawsuit's claims.

**B.     Plain Meaning Application of the Evanston Exclusion.**

8.      The Evanston Exclusion excludes from coverage any claim or cause of action "based upon or arising out of any violation of ... any other statute, law, rule, ordinance or regulation that prohibits or limits the sending, transmitting, communication or distribution of information or other material." The only claim asserted in the Underlying Lawsuit involves Gene by Gene's alleged violation of the Alaska Genetic Privacy Act which prohibits one from "disclos[ing] the results of a DNA analysis unless the person has first obtained ... informed and written consent" from the person providing the DNA sample. ALASKA STAT. §18.13.010 (a)(1).   The Alaska Genetic Privacy Act also provides a private right of action against one who "discloses the results of a DNA analysis in violation of" that statute.  In the Underlying Lawsuit, Cole asserts he never gave Gene by Gene any authorization to disclose or distribute "his sensitive information ... to the public."   *Complaint* ¶30.

9.    The clear wording, meaning, and intent of the Complaint in the Underlying Lawsuit, is Cole specifically asserts Gene by Gene violated a statute by disclosing his DNA information.  Cole also complains Gene by Gene violated the Alaska Genetic Privacy Act by sending or transmitting his genetic information to

6

various websites. The common and everyday meaning of the words "sending" and "transmitting" involve one (Gene by Gene) conveying (publishing on a website) something (DNA information) to another (anyone who looks at the website) which would naturally include disclosure of the thing being conveyed. Black's Law Dictionary defines "transmit" to mean "send or transfer (a thing) from one person or place to another. ... To communicate." *Black's Law Dictionary*, 7th Edition, p. 1505. For these reasons, the allegations Cole asserts against Gene by Gene in the Underlying Lawsuit fall squarely within the Evanston Exclusion which by endorsement is part of each of the four Evanston policies.

**C.**     **Considering the Evanston Exclusion's Title When Construing the Same.**

10.    The Evanston Exclusion is entitled "Electronic Data and Distribution of Material in Violation of Statutes." The title includes the term "Statutes" indicating the endorsement encompasses more than one single type or category of statutes. "Generally, courts should construe contractual provisions in a manner that is consistent with the labels the parties have given them." *RSUI Indem. Co. v. The Lynd* Co., 2015 WL 2194201 *5, 58 Tex. Sup. Ct. J. 854 (September 11, 2015). Like all of the other words in the Evanston Exclusion, the language in the title provides insight into what the endorsement is intended to encompass.

11.    The Evanston Exclusion's title is not just narrowly limited to select statutes that regulate dissemination of information via email, calls or faxes. The

Evanston Exclusion's title is much broader than just referencing statutes involving faxes, calls or emails. The Evanston Exclusion's title indicates it applies to all statutes which may involve "distribution of material" and not just those statutes which may involve distribution of materials via email, fax or calls that may intrude ones seclusion. *Id. citing Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 793 (Tex.2005) (declining to construe a provision as limited to one topic when "the title of the paragraph show[ed] that two different topics were addressed in it").

    12.    In comparison, many of the endorsements Gene By Gene asks this Court to consider in its analysis have titles that include language specifically limiting their application to specific types of statutes or disclosure of specific types of information. The titles of some of these exclusions are:

1. Exclusion – Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information ("Email/Fax/Phone Exclusion") (Ex. F, Document 21-8, p. 7);
2. Exclusion – Access or Disclosure of Confidential or Personal Information and Data - Related Liability - With Limited Bodily Injury Exception (Ex. H, Document 21-10, p. 7);
3. Exclusion – Access or Disclosure of Confidential or Personal Information and Data - Related Liability – Limited Bodily Injury Exception Not Included (*Id.*, p. 8); and
4. Exclusion – Access or Disclosure of Confidential or Personal Information (Coverage B Only) (*Id.*, p. 9).

This Court should not narrowly construe the Evanston Exclusion as being solely limited to statutes that purportedly only protect against intruding one's seclusion

by email faxes, or calls when the title of the Evanston Exclusion indicates it applies to a broader range of statutes by omitting language limiting it to just specific types of information or specific types of statutes.

13. In addition to how the Evanston Exclusion is entitled, there is yet another significant difference between the manuscript ISO standard Email/Fax/Phone Exclusion referenced above upon which Gene by Gene contends is similar and the Evanston Exclusion. In addition to the Email/Fax/Phone Exclusion's specific title limiting it to e-mails, faxes, phone calls, the language appearing in sub-parts a. and b. are substantially different than the Evanston Exclusion. In particular, sub-parts (a) and (b) of the Evanston Exclusion include the additional language of "any similar or related federal or state statute" which is absent from the corresponding sub-parts of the Email/Fax/Phone Exclusion.

14. Gene by Gene's mention of ISO exclusions addressing exclusion of healthcare and other confidential information is irrelevant and should be given no authoritative weight. This is because Evanston does not use any similar exclusion in any of the policies it underwrites in the product line that includes the four policies issued to Gene by Gene. *See* Debra Goldberg Affidavit, Exhibit "A." Evanston uses not similar exclusion because the Evanston Exclusion is worded differently that the ISO exclusions proffered by Gene by Gene and the Evanston Exclusion's language on its face excludes those types of claims encompassed in

the ISO exclusions referenced by Gene by Gene that address disclosure of confidential and healthcare information. *Id.* Adding exclusions specifically to address disclosure of confidential and healthcare information would have been unnecessary and redundant given the intentionally broader language in the Evanston Exclusion than in the ISO exclusions Gene by Gene attempts to use by way of comparison. *Id.*

### D. Considering Language that Modifies Other Language.

15. One rule of contractual construction is that "modifiers are intended to refer to the words closest to them in the sentence." *Samon v. Sun Oil Co.*, 621 S.W.2d 580, 581-82 (Tex. 1981) *cited in Certain Underwriters at Lloyds v. Cardtronics, Inc.*, 438 S.W.3d 770, 782 (Tex. App. – Houston [1st Dist.] 2014, no pet.). Under this rule, the phrase "any similar or related federal or state statute" in the Evanston Exclusion would modify, that is refer back to, the TCPA or CAN-SPAM Act and not any other statutes involving the transmission of other types of materials or information.

### E. Avoiding Redundant Language.

16. Because sub-parts (a) and (b) of the Evanston Exclusion are exclusively limited to TCPA and CAN-SPAM Act types of statutes and no other types of similar statutes, that is why sub-part (c) is not redundant of the two prior sub-parts. Interpreting sub-part (c) of the Evanston Exclusion as applying only to

statutes similar to the TCPA and the CAN-SPAM Act would render redundant the language in sub-parts (a) and (b) which already address "any similar or related" statutes. When interpreting contractual language, courts must "presume that words that follow one another are not intended to be redundant." *Alpert v. Riley*, 274 S.W.3d 277, 288 (Tex. App. – Houston [1st Dist.] 2009 pet. denied). Since that language in sub-part (c) of the Evanston Exclusion follows the "any similar or related" statutes language in sub-parts (a) and (b), sub-part (c) cannot be presumed as redundant and that means it must be presumed as referring to other types of statutes that "prohibits or limits the sending, transmitting, communication or distribution of information or other material." One such statute is the Alaska Genetic Privacy Act which Cole alleges in the Underlying Lawsuit Gene by Gene violated.

### F.　**<u>Avoiding rendering any Language Meaningless.</u>**

17.　Gene by Gene's position is the Evanston Exclusion's scope should go "only so far as to include other state and federal statutes that similarly protect individuals from unsolicited intrusion into seclusion." *Defendants Memorandum*, pp. 10-11. Such an interpretation would render totally meaningless sub-part (c) of the Evanston Exclusion and ignore its plain meaning. If one parties' interpretation of a word or phrase in an insurance policy requires other words or phrases to be ignored, that interpretation must be rejected. *Balandran v. Safeco, Ins. Co.,* 972

S.W.2d 738, 741 (Tex. 1996). The Texas Supreme has held courts must "striv[e] to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative" when construing language in an insurance policy. *Id.*

18. Since sub-parts (a) and (b) already include language referring to "similar or related statutes" of the same subject matter, sub-part (c) would either be redundant or rendered meaningless if it was only to apply to statutes similar to the TCPA and CAN-SPAM Act as urged by Gene By Gene. When possible, every sentence, clause and word of a contract of insurance must be given some meaning to avoid rendering it inoperative. *Evergreen Nat. Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d 669, 677-78 (Tex. App. – Austin 2003, no pet.). For that reason, the Evanston Exclusion's sub-part (c) language must be referring to other types of statutes, such as the Alaska Genetic Privacy Act which "prohibits or limits the sending, transmitting, communication or distribution of information or other material," that being a person's genetic information.

## G.   The Problem With Gene by Gene's *Ejusdem Generis* Argument.

19. Gene by Gene contends *ejusdem generis* limit the Evanston Exclusion's sub-part (c)'s scope to go "only so far as to include other state and federal statutes that similarly protect individuals from unsolicited intrusion into seclusion." *Defendant's Memorandum*, p. 10-11. It so contends because it thinks the TCPA and CAN-SPAM Act are intended "to regulate oppressive and/or

harassing conduct that intrudes into one's seclusion, such as unsolicited fax transmissions and electronic mail." However, that belief is both erroneous and misplaced. As a result, Gene by Gene's contention that *ejusdem generis* limits the Evanston Exclusion's sub-part (c) to inclusion of seclusion protection statutes is also both erroneous and misplaced.

20. Gene by Gene is in error that the TCPA and CAN-SPAM Act have the identical intent and purpose of prohibiting inclusion of seclusion. This is because the intent of each statute is different. The TCPA's intent is:

> protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers. S.Rep. No. 102–178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N.1968.

*Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir.2009) (internal quotations omitted). In comparison, the different "purpose of the CAN-SPAM Act, as stated in the statute itself, as well as in the Senate Report, is to curb false or misleading unsolicited commercial e-mail." *Gordon v. Virtumundo, Inc.,* 2007 WL 2253296 *4 (W.D. Wash. 2007).

**H.   Gene by Gene's Failure to Cite a Single TDI Order.**

21. Legislative history from the statute's proponents indicates the purpose of the Alaska Genetic Privacy Act is to "protect genetic privacy and the individual's property interest in these samples and the information derived from

the samples." http://www.legis.state.ak.us/PDF/23/Bills/SB0217B.PDF.  *See* Exhibit "B."  Accordingly, the TCPA and Alaska Genetic Privacy Act share the similar purpose of prohibiting transmission or communication of certain information to protect the privacy interests of those whom the statute is intended to benefit.  All three sub-parts of the Evanston Exclusion are harmonious and exhibit an intent to expansively exclude from coverage "the sending, transmitting, communication or distribution of information or other material" in violation of many types of statute regardless of the rights the statute seeks to protect.

22. Although Gene by Gene argues TDI *orders* may be considered in interpreting insurance policy language, Gene by Gene does not rely upon or cite a single TDI *order*.  Instead, Gene by Gene presented to this Court correspondence and certificates from TDI which show certain endorsements were filed with that administrative agency for the purpose of obtaining use approval.  These filings are *not* TDI *orders*.  TDI orders are specifically entitled "Official Order of Texas Department of Insurance" and then followed by a date, substance description of the order, and at the end execution of the order by the Commissioner of Insurance.  For purposes of comparison to what Gene by Gene submitted as purported TDI *orders*, numerous TDI *orders* can be viewed on that agencies website by going to www.tdi.texas.gov/order/index.html.  These *orders* are substantially different in form, substance, and effect than the TDI correspondence Gene by Gene submitted

regarding TDI's approval of insurance policy forms. None of these form approval letters submitted by Gene by Gene is authoritative in any regard and should not be considered by this Court.

## I. The Evanston Exclusion Does Not Render any Other Coverage Illusory.

23. Gene by Gene's argument that the Evanston Exclusion's sub-paragraph (c) if interpreted precludes coverage under the Alaska Genetic Privacy Act would render the advertising injury provisions of the insurance policies illusory must fail. That is not the case. The advertising injury provisions of the policies would still apply to the many more traditional defamation and advertising injuries so long as there is not statute, law, rule, ordinance or regulation that applied to the type of information being published. Thus, common law claims for liable, slander, invasion of privacy and other forms of defamation would still be covered under the advertising injury provisions of the policies so long as there is no statute prohibiting the act complained about.

## VI. PRAYER

24. For all reasons set forth herein, Markel respectfully requests that the Court deny Defendants GENE BY GENE, LTD's motion for summary judgment.

Respectfully submitted,

**WOJCIECHOWSKI & ASSOCIATES, P.C.**

/S/ Marc J. Wojciechowski
Marc J. Wojciechowski
Federal Bar No. 13849 / State Bar No. 21844600
17447 Kuykendahl Road, Suite 200
Spring, Texas    77379
Telephone:   281-999-7774
Facsimile:   281-999-1955
Email:Marc@wojolaw.com
ATTORNEYS FOR PLAINTIFF,
MARKEL AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to all counsel and/or parties of record, pursuant to the Federal Rules of Civil Procedure, on this, the 29th day of September, 2015.

/S/ *Marc J. Wojciechowski*
Marc J. Wojciechowski

| | |
|---|---|
| Filename: | Evanston Resp to Gene by Gene MSJ & Memo Supporting.doc |
| Directory: | F:\CASE FILE DATA\2315-000 - Markel\2315-253 - Evanston - Gene by Gene SM273066 (Coverage) (Odarczenko)\Pleadings\WP - Word - PDF - In Progress |
| Template: | C:\Users\MONeall\AppData\Roaming\Microsoft\Templates\Normal.dotm |
| Title: | |
| Subject: | |
| Author: | Marcie ONeall |
| Keywords: | |
| Comments: | |
| Creation Date: | 9/24/2015 2:34:00 PM |
| Change Number: | 31 |
| Last Saved On: | 9/29/2015 9:24:00 AM |
| Last Saved By: | Marcie ONeall |
| Total Editing Time: | 158 Minutes |
| Last Printed On: | 9/29/2015 9:25:00 AM |
| As of Last Complete Printing | |
|    Number of Pages: | 16 |
|    Number of Words: | 3,272 (approx.) |
|    Number of Characters: | 18,656 (approx.) |